UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**CHARLES ANDERSON,**

Plaintiff,

v.

**YELLOW MEDICINE COUNTY, a political subdivision of the State of Minnesota, RICHARD BLACKWELDER individually and as Sheriff of Yellow Medicine County, and SOUTHWESTERN MINNESOTA MENTAL HEALTH CENTER, INC., a Minnesota Corporation,**

Defendants.

**Court File No. CV 00-51 MJD/~~GJL~~ JGL**

**ORDER GRANTING RULE 54(b) CERTIFICATION**

---

This matter is before the Court on Defendant Southwestern Minnesota Mental Health Center, Inc.'s motion for certification of the Court's November 8, 2000 order and judgment of dismissal as final, pursuant to Fed. R. Civ. Proc. 54(b). After considering the pleadings, legal authorities and the written arguments of counsel, this Court finds the certification appropriate. The Court includes the following findings supporting certification under Fed. R. Civ. Proc. 54(b), Hayde v.McDonald, 719 F2d 266 (8th Cir 1983), and other cases decided under the same statute:

1. Plaintiff's lawsuit names three parties—Yellow Medicine County ["County"], Richard Blackwelder, and the Southwestern Minnesota Mental Health Center, Inc. ["Clinic"]. Counts I and II are against the County and Blackwelder for assault and battery, and for violation of 42 USC § 1983, respectively. Count III is solely against the Clinic for breach of privacy and for defamation. This Court has previously granted summary judgment to the Clinic and entered an order dismissing the Clinic from the lawsuit. This Court, therefore, finds that both multiple parties and multiple claims are involved in this lawsuit.

FILED SEP 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2. This Court further rules that there is no just reason for delay in entry of the judgment as final. In support of this ruling this Court finds for purposes of the motion that the remaining claims (Counts I and II) are not interrelated with the claim that has been dismissed (Count III). This Court finds that the need for review will most likely not be mooted by future developments in the case. This Court finds the Eighth Circuit Court of Appeals will not be obliged to consider the same issue a second time because Count III involves either different facts related to the conduct of the parties or involves different law. This Court finds any set off is not of consideration. Finally, this Court finds that due to nature of the claims against the Clinic that is premised upon the professional conduct of its mental health care licensed counselors that the delay consideration strongly suggests the judgment should be entered as final.

Accordingly, it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that, under Fed. R Civ. Proc. 54(b), there is no just reason for delay of further proceedings on Count III of Plaintiff's complaint, so that the summary judgment dismissing Count III of Plaintiff's action is a final judgment.

Dated this 5th day of Sept, 2001.

BY THE COURT:

The Honorable Michael J. Davis
United Sates District Court Judge

ATTEST:
Clerk of Court

By:______________________________
Deputy