UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Anderson,

Plaintiff,

v.

Yellow Medicine County, et al.,

Defendants.

Civ. File No. 00-0051 (JNE/JGL)

**ORDER**

---

This matter is before the Court on Defendants' Motions in Limine. Defendants seek to exclude: (1) the presentation of all evidence supporting Plaintiff's damage claim because of Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(1)(c); and (2) any of Plaintiff's purported medical expert testimony on causation. For the following reasons, Defendants' Motions are denied.

Defendants assert that Plaintiff violated Fed. R. Civ. P. 26(a)(1)(c) by failing to supplement discovery responses with documentation supporting Plaintiff's damage claims. If a party fails to disclose evidence required by Rule 26, it will not be allowed to use the evidence unless the failure to disclose is harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff submitted to Defendants an itemized list of the costs of medical care and supplies provided to Plaintiff following the Defendants' alleged misconduct. This list was sorted by medical provider, and included the date and exact expense incurred. These disclosures were made

FILED AUG 27 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

during discovery, more than two years ago.[1] Because these disclosures have been in Defendants' possession for so long, their claim of prejudice in preparing a defense is without merit. See NordicTrack, Inc. V. Consumer Direct, Inc., 158 F.R.D. 415, 423 (D. Minn. 1994) (Erickson, M. J.) (denying Defendants' otion to exclude damage evidence because Defendants received Plaintiff's disclosures one year prior, and thus claim of prejudice was moot). Further, Defendants have failed to demonstrate any willful violation of the rules of discovery by Plaintiff. As a result, Defendants Motion in Limine to exclude damage evidence is denied.

Defendants further seek to limit the scope of testimony of Plaintiff's expert medical witnesses. Defendants argue that Plaintiff's physicians can testify only to Plaintiff's treatment, not to causation. Therefore, according to Defendants, any causation testimony should be excluded under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Defendants are correct that a treating physician's expert opinion on causation is subject to the same standard of scientific reliability that governs the expert opinions of physicians hired solely for litigation purposes. See Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1207 (8th Cir. 2000). However, at this time, Defendants fail to specify how this proposed testimony violates the Daubert standard. Accordingly, Defendants' Motion in

---

[1]Originally, this case included Defendant Southwestern Minnesota Mental Health Center. In November 2000, Judge Davis granted summary judgment to Southwestern Minnesota Mental Health Center and the 8th Circuit Court of Appeals subsequently affirmed. While the appeal was pending, the current case was stayed. As a result, Plaintiff was never deposed nor was additional discovery exchanged between the remaining Defendants and Plaintiff.

Limine to limit the scope of Plaintiff's medical expert testimony is denied without prejudice.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion in Limine to exclude damage evidence is **DENIED;**

2. Defendants' Motion in Limine to limit the scope of Plaintiff's medical expert testimony is **DENIED without prejudice.**

Dated: August 26, 2003

Paul A. Magnuson
United States District Court Judge